## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MARK LATTA                                                    PETITIONER
ADC # 118004

v.                          CASE NO.: 5:05CV00312 BD

LARRY NORRIS                                                  RESPONDENT
Director, Arkansas Department
of Correction

## ORDER

Pending is Petitioner Mark Latta's 28 U.S.C. § 2254 Petition for Writ of Habeas

Corpus (docket entry #1). Respondent Larry Norris has responded (#5) and Petitioner has

replied (#6). For the reasons that follow, the petition is denied and dismissed with

prejudice.

## BACKGROUND

On April 10, 2000, a Garland County jury found Petitioner guilty of manufacturing

methamphetamine. Petitioner appealed, and the Arkansas Court of Appeals affirmed his

conviction on May 30, 2001. *Latta v. State*, CACR-2000-910, 2001 WL 577056 (Ark. Ct.

App. May 30, 2001). The mandate issued on June 19, 2001. Petitioner filed a Rule 37

petition for post-conviction relief with the trial court on July 26, 2001. On April 8, 2003,

the trial court denied Petitioner's Rule 37 petition. Petitioner appealed, and the Arkansas

Supreme Court affirmed on October 7, 2004. *Latta v. State*, No. CR-03-494, 2004 WL

2250558 (Ark. Oct. 7, 2004). Petitioner filed the instant petition on November 9, 2005

(#1).

## ANALYSIS OF PETITIONER'S CLAIMS

Petitioner raises four grounds for relief.  He states that his counsel was ineffective for: (1) failing to obtain a ruling on the supplemental motion to suppress; (2) failing to adequately support the motion to suppress; (3) failing to argue a state-law basis for suppression of evidence; and (4) the cumulative effect of errors and omissions. Respondent states that the instant petition is time-barred and that Petitioner procedurally defaulted three of his four grounds for relief (#5).  Under applicable Eighth Circuit precedent, the pending petition is timely.  However, Petitioner has not shown that, but for counsel's alleged substandard performance, the results of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052 (1984).

### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits federal courts from granting habeas relief unless the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, § 2254(d)(1), or the relevant state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. § 2254(d)(2)."  *Schriro v. Landrigan*, __ U.S. __, 127 S.Ct. 1933, 1939 (2007).  "'[A] state-court decision is contrary to [Supreme Court] precedent if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'– in

2

other words, if it 'applies a rule that contradicts the governing law set forth in our cases.'"

*Mark v. Ault*, 498 F.3d 775, 783 (8th Cir. 2007) (quoting *Williams v. Taylor*, 529 U.S.

362, 405-06, 120 S.Ct. 1495 (2000)).  Regarding a state-court determination of the facts,

the question under the AEDPA is not whether a federal court believes the state court's

determination was correct, but rather, whether that determination was unreasonable, a

substantially higher threshold.  See *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495

(2000).

**B.  Statute of Limitations**

Title 28 U.S.C. § 2244(d)(1) establishes a one-year period during which a state

prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254, or be

barred from filing such an action.  "Section 2244(d)(1)(A) is triggered by either (i) the

conclusion of all direct criminal appeals in the state system, followed by the completion

or denial of certiorari proceedings before the United States Supreme Court; or (ii) if

certiorari was not sought, then by the conclusion of all direct criminal appeals in the state

system followed by the expiration of the time allotted for filing a petition for the writ."

*Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).  "The time during which a properly

filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this section."  28 U.S.C. § 2244(d)(2).

Respondent urges the Court to find the instant petition time-barred.  He argues that the limitation period began when the Arkansas Court of Appeals issued its mandate on May 30, 2001, because Petitioner did not seek discretionary review from the Arkansas Supreme Court.[1]  Respondent admits that normally the limitations period would begin to run after the expiration of the time allotted to seek certiorari before the Supreme Court, but because discretionary review from the Arkansas Supreme Court is a "*sine qua non* of certiorari review," and Petitioner did not seek discretionary review, Respondent argues that the limitations period began to run on May 30, 2001 (#5 at 4).  This argument has some appeal.

The completion of Petitioner's direct criminal appeal occurred on June 19, 2001, the date the mandate from the Arkansas Court of Appeals issued.  Title 28 U.S.C. § 2244(d)(1)(A) states that the limitation period will run from the date the judgment became final by the conclusion of direct review.  A state court judgment becomes final under 2244(d)(1)(A) upon the expiration of the time for filing a petition for writ of certiorari.  *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999).  Since certiorari to the United States Supreme Court is a legal impossibility in this case, it is reasonable to

---

[1] The Arkansas Court of Appeals affirmed Petitioner's conviction on May 30, 2001.  The appellate mandate did not issue until June 19, 2001.  In appears Respondent uses May 30, 2001, as the date the statute of limitations began to run due to the wording in Supreme Court Rule 13.3.  "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."  Sup. Ct. R. 13.3 (2005).

4

conclude that Petitioner should not get an additional 90 days in which to seek certiorari.

This rationale, however, is contrary to controlling precedent.

The Eighth Circuit has addressed this argument directly in *Pierson v. Dormire*, 484

F.3d 486 (8th Cir. 2007), noting that:

> Missouri district courts have relied on *Nichols* and given
> petitioners the benefit of the ninety-day period, even if they
> had not sought discretionary review from the Missouri
> Supreme Court. See *e.g.*, *Mayer v. Dormire*, No.
> 4:03CV1562, 2005 WL 2454028, at *1 (E.D.Mo. Oct. 3,
> 2005). We agree with their interpretations of *Nichols*. We
> therefore hold that under *Nichols*, a Missouri state prisoner's
> judgment becomes final within the meaning of 28 U.S.C.
> § 2244(d)(1)(A) exactly ninety days after his conviction is
> affirmed on direct appeal, even if he has not filed a motion for
> transfer to the Missouri Supreme Court.

*Pierson v. Dormire*, 484 F.3d 486, 495 (8th Cir. 2007). Failure to move for a transfer to

the Missouri Supreme Court, like failure to seek discretionary review from the Arkansas

Supreme Court, precludes review by the United States Supreme Court. See Sup. Ct. R.

13.1 (2005). Because the instant case is indistinguishable from *Pierson*, Petitioner must

be afforded the benefit of the 90-day period allowed for Supreme Court review.

Accordingly, Petitioner timely filed the instant petition.

## C.  Procedural Default

Habeas relief is available to a petitioner after he or she "has exhausted the

remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). In order to

exhaust, the petitioner must "use the State's established appellate review procedures."

*Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) citing *O'Sullivan v. Boerckel*, 526

U.S. 838, 845, 119 S.Ct. 1728 (1999).  In *Coleman v. Thompson*, the United States

Supreme Court set out the conditions under which a federal court can review a federal

claim that has been procedurally defaulted in state court:

> In all cases in which a state prisoner has defaulted his federal
> claims in state court pursuant to an independent and adequate
> state procedural rule, federal habeas review of the claims is
> barred unless the prisoner can demonstrate cause for the
> default and actual prejudice as a result of the alleged violation
> of federal law, or demonstrate that failure to consider the
> claims will result in a fundamental miscarriage of justice.
> *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct.  2546,
> 2565 (1991).

In this case, the only claim Petitioner raised in the appeal of the denial of his Rule

37 post-conviction petition was that his second trial counsel was ineffective for failing to

obtain a ruling on the motion to suppress.  *Latta v. State*, No. CR-03-494, 2004 WL

2250558 (Ark. Oct. 7, 2004).   Under Arkansas law, issues not raised on appeal are

considered abandoned.  *Echols v. State*, 344 Ark. 513, 519, 42 S.W.3d 467, 471 (2001).

Petitioner does not allege cause for or prejudice from the default, nor does he allege a

miscarriage of justice as a result of procedural default.   Accordingly, Petitioner

procedurally defaulted the claims he failed to bring in the appeal of the denial of his Rule

37 post-conviction petition.[2]  This Court may, however, deny Petitioner's procedurally

defaulted claims on the merits.  28 U.S.C. § 2254(b)(2).

### D.  Ineffective Assistance of Counsel

As a threshold matter, the Court is satisfied that Petitioner is challenging the

performance of his trial counsel, not the use of illegally obtained evidence in his trial.  In

*Stone v. Powell*, the United States Supreme Court held that, where a state prisoner has

been afforded "an opportunity for full and fair litigation of a Fourth Amendment claim,

[he] may not be granted federal habeas corpus relief on the ground that evidence obtained

in an unconstitutional search or seizure was introduced at his trial."  *Stone v. Powell*, 428

U.S. 465, 494, 96 S.Ct. 3037 (1976).  *Stone*'s restriction on federal habeas review of

Fourth Amendment claims does not extend, however, to Sixth Amendment ineffective

assistance of counsel claims.  *Kimmelman v. Morrison*, 477 U.S. 365, 383-84, 106 S.Ct.

2574 (1986).  Accordingly, this Court may review Petitioner's claims.

Turning to the immediate petition, the Arkansas Supreme Court used the proper

standard when assessing Petitioner's claims of ineffective assistance of counsel.  See

*Latta v. State*, No. CR-03-494, 2004 WL 2250558 (Ark. Oct. 7, 2004) (citing the

appropriate standard for ineffective assistance of counsel claims found in *Strickland v.*

---

[2]The following claims were not raised by Petitioner in the appeal of the denial of
his Rule 37 petition: (1) that his counsel was ineffective for failing to adequately support
the motion to suppress; (2) that his counsel was ineffective for failing to argue a state-law
basis for suppression of evidence; and, (3) that his counsel was ineffective for cumulative
errors and omissions.

*Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984)). *Strickland* requires a court to hold

attorney performance to the standard of "reasonably effective assistance." *Strickland*, 466

U.S. at 687. It will generally be appropriate for a reviewing court to assess counsel's

overall performance throughout the case in order to determine whether the "identified acts

or omissions" overcome the presumption that a counsel rendered reasonable professional

assistance. *Kimmelman*, 477 U.S. at 386. For Petitioner to prevail, he must show that his

counsel's representation fell below an objective standard of reasonableness. *Strickland*,

466 U.S. at 688. In addition to showing that he suffered ineffective assistance of counsel,

Petitioner must show that he was prejudiced by his counsel's substandard performance.

*Id.* at 687. To prove prejudice, Petitioner must show a reasonable probability that, but for

counsel's deficient performance, the result of the proceeding would likely have been

different. *Id.* at 694.

Petitioner identifies several acts and omissions by his attorney to support his

claims. First, Petitioner points out that his counsel failed to obtain a ruling on his second

motion to suppress and states that there is a reasonable probability that the state court

would have suppressed the evidence. (#1 at 3). In the Order denying Petitioner's Rule 37

petition for post-conviction relief, the trial court stated:

> The Defendant alleges that his attorney (Mr. Naramore) was
> ineffective for failing to present critical photographs and
> witnesses at the first suppression hearing, and counsel (Mr.
> McCullough) was ineffective for failing to obtain a ruling
> after the supplemental suppression hearing in which the
> photographs and witnesses were presented, and the Court

> finds that the Defendant has failed to show that there exists a
> reasonable probability that in the absence of this omission
> there would have been a different result at trial. (#5, pt. 8 at
> 24-26).

The same judge who conducted Petitioner's trial and both suppression hearings also heard
Petitioner's Rule 37 petition.  This fact places Petitioner's assertion regarding suppression
at trial in serious doubt.  In addition, the Arkansas Supreme Court stated, "[i]t is clear that
had counsel obtained a ruling on the motion to suppress that it would have been a denial,
which would have been affirmed on appeal."  *Latta v. State*, No. CR-03-494, 2004 WL
2250558, *3 (Ark. Oct. 7, 2004).  Had a ruling been obtained, the Arkansas Supreme
Court's affirmation of the denial of Petitioner's motion to suppress would not be subject
to review by this Court.  *Stone*, 428 U.S. at 494. Accordingly, there was no prejudice in
this instance to support a claim for ineffective assistance of counsel.

Petitioner also complains that counsel failed to present critical witness testimony
during the suppression hearing.  The witnesses would have testified that "Mark Latta's
rope and cable gate and the privacy signs posted at the gate 'depicted in [Defendant's
Exhibit 1; Trial T. 508]' existed on and before the date of [Mr. Latta's] arrest on October
8, 1998." (#1 at 5)  The record shows that Angela Musgrove, Jacob Lunzer, Diane
Lunzer, Rocklan Humphries, and Mark Thurman all testified during the second
suppression hearing regarding defendant's exhibit 1.  In addition, the parties stipulated
that Louis Trent Latta, Cynthia Latta, Marty Constant, Lilly Constant, Melinda Whatley,
Sonja Mejia, and Antonio Mejia would testify that defendant's exhibit 1 was an accurate

depiction of Petitioner's property before and at the time of the contested search (#5, pt. 9 at 27-40).  Petitioner also attached the affidavits of John Woodall, Anthony Woodall, Rose Smith, Gary Constant, Raenelle Constant, Danny Reynolds, Cassi Bowen, Darrell Pertis, Gary Smith, Ismael Sanchez, Glenda Sanchez, and Janis Latta to his petition (#1). According to Petitioner, all of the referenced individuals would have testified that the rope and cable gate and the privacy signs posted at the gate depicted in defendant's exhibit 1 existed on and before the date of arrest on October 8, 1998.

Petitioner's trial counsel called five witnesses and the parties stipulated to the testimony of an additional seven witnesses.  There was no substandard performance by Petitioner's counsel in failing to call the additional twelve witnesses to provide cumulative testimony.  This claim is procedurally defaulted and falls well short of establishing ineffective assistance of counsel.

Petitioner's next contention is that his trial counsel was ineffective for failing to include a state-law basis for suppressing the evidence.  Petitioner procedurally defaulted this claim by failing to present it on appeal.  In addition, Petitioner has not shown prejudice resulting from trial counsel's omission.

Petitioner's final contention is that his trial counsel was ineffective due to the cumulative effect of trial counsel's errors (#1 at 6).  This claim is procedurally defaulted. In addition, cumulative error is not grounds for habeas relief.  *Wainwright v. Lockhart*, 80

F.3d 1226, 1233 (8th Cir. 1996); *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990); *Hall*

*v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002).

## <u>CONCLUSION</u>

Petitioner has not shown prejudice resulting from his trial counsel's performance.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (#1) is DENIED

and DISMISSED with prejudice.

IT IS SO ORDERED this 28th day of December, 2007.


_____
UNITED STATES MAGISTRATE JUDGE