# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MARK LATTA**                                                                                  **PETITIONER**
**ADC # 118004**

v.                          **CASE NO.: 5:05CV00312 BD**

**LARRY NORRIS**                                                                                **RESPONDENT**
**Director, Arkansas Department**
**of Correction**

## ORDER

By Order dated December 28, 2007, this Court denied Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of Garland County, Arkansas, for drug offenses.

In his habeas corpus action (docket entry #1), Petitioner claimed that he was denied his Sixth Amendment right to effective assistance of counsel during two suppression hearings. Specifically, Petitioner alleged that his counsel was professionally unreasonable in failing to call witnesses during his first suppression hearing and in failing to get a ruling after the supplemental suppression hearing. In his Motion for Certificate of Appealability (COA) (docket entry #13), Petitioner alleges that the state court's denial of his Rule 37 petition was based on an unreasonable determination of the facts in the light of evidence presented in the state court proceeding. Petitioner seeks a COA under 28 U.S.C. § 2253 so that he may appeal this issue.

The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court of appeals may entertain an appeal. *Slack v. McDaniel,* 529 U.S.

473, 482, 120 S.Ct. 1595, 1603 (2000). Title 28 U.S.C. § 2253 limits the right of appeal to cases in which "a circuit justice or judge issues a certificate of appealability . . . in a habeas corpus proceeding in which the detention arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).

This Court may issue a COA on Petitioner's claims, but only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Eighth Circuit Court of Appeals has held this to be a "modest standard" in *Randolph v. Kemna*, 276 F.3d 401, 403 n. 1 (8th Cir. 2002) (quoting *Charles v. Hickman*, 228 F.3d 981, 982 n. 1 (9th Cir.2000)). The United States Supreme Court has interpreted the "substantial showing" requirement of § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .

*Slack*, 529 U.S. at 484.

After careful consideration, the Court finds that reasonable jurists would not debate whether the state court's denial of Petitioner's Rule 37 petition was based on an unreasonable determination of the facts in the light of evidence presented in the state court proceeding. Petitioner did not raise this issue in his petition for writ of habeas corpus (docket entry #1). Further, this Court's Order dismissing the instant habeas petition did not, and could not, reach the issue Petitioner is attempting to appeal (docket entry #11, p. 7).

Petitioner's application for writ of habeas corpus alleged that Petitioner was denied his Sixth Amendment right to effective assistance of counsel during his suppression hearings. Petitioner's Motion for a COA focuses on factual determinations made by the state court during and after the suppression hearings. In his motion for a COA, Petitioner states:

> [I]t was arguably "unreasonably wrong" for the state courts to rule that only one witness, Officer Keck, who testified that he could not remember, overrides the clear and certain testimony of *seventeen disinterested eyewitnesses*, all of whom either testified or were willing to testify without hesitation that there were, indeed, "no trespassing" signs and ropes posted in front of Latta's property in October of 1998  (docket entry #13, p. 4-5).

Petitioner requests a COA to contest the state court's "unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2). Unfortunately for Petitioner, "[t]his is precisely the 'grey, twilight area' of Fourth Amendment issues where federal courts do not second-guess state courts on habeas review." *Chavez v. Weber*, 497 F.3d 796, 803 (8th Cir. 2007) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 269, 93 S.Ct. 2041 (1973) (Powell, J., concurring)).

In *Stone v. Powell*, the United States Supreme Court held that, where a state prisoner has been afforded "an opportunity for full and fair litigation of a Fourth Amendment claim, [he] may not be granted federal habeas corpus relief on the grounds that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037 (1976). *Stone*'s restriction on

federal habeas review of Fourth Amendment claims does not extend to Sixth Amendment ineffective assistance of counsel claims. *Kimmelman v. Morrison*, 477 U.S. 365, 383-84, 106 S.Ct. 2574 (1986). This Court reviewed the Sixth Amendment claims that Petitioner put forward in his application for writ of habeas corpus. With limited exceptions, however, federal courts cannot review the factual determinations that Petitioner wishes to appeal. Accordingly, the Motion for COA (docket entry #13) is DENIED.

IT IS SO ORDERED, this 24th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE